**DEORCHIS, WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Defendants:*
AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MAN FERROSTAAL, INC.,

         Plaintiff,

vs.

M/V AKILI, her engines, boilers, tackle, etc.,
AKELA NAVIGATION CO. LIMITED, ALMI
MARINE MANAGEMENT SA, and SM CHINA
CO., LTD.,

         Defendants.
-------------------------------------------------------------X

**07 Civ. 6269 (PKL)**

**ANSWER and CROSS CLAIM**



    The Defendants AKELA NAVIGATION CO LIMITED, and ALMI MARINE MANAGEMENT SA, by and through its attorneys, DE ORCHIS WIENER & PARTNERS, LLP., answering Plaintiff's Complaint, alleges upon information and belief as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

    3.    Admit that Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, were the owners and/or operators and/or charterers and/or managers of the M/V AKILI, but except as so specifically admitted, deny knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

3. Deny the allegations in Paragraph 4 of Plaintiff's Complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

7. Deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**AS AND FOR THEIR CROSS-CLAIM AGAINST CO-DEFENDANT SM CHINA CO. LTD., DEFENDANTS AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:**

9. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 8 of the Answer, with the same force and effect as if herein set forth at length.

10. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage caused any liability to Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA,, then the said liability was brought about by Defendant SM China Co. Ltd.'s negligence and/or breach of contract, including warranties, implied or expressed, and by reason thereof, Defendant AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, are

2

entitled to full indemnity and/or contribution from Defendant SM China Co., Ltd., for its loss and damage including reasonable counsel fees and expenses.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS
SET FORTH IN THE COMPLAINT, DEFENDANTS
AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA,
ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:**

*First Affirmative Defense*

11.     The shipment described in Plaintiff's Complaint is subject to all the contractual terms, conditions and exceptions contained in a charter party contract and/or a certain bill of lading then and there issued therefore by which the shippers and consignees of said bill of lading agreed to be and are bound.  Any shortage, loss and/or damage to the shipment, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, expressly deny, was due to causes for which Defendants are not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. 1300 *et seq.,* approved April 16, 1936, and/or the Harter Act, and/or the provisions of the bill of lading, and/or charter party, and/or the General Maritime Law and/or applicable foreign law.

*Second Affirmative Defense*

12.     Due diligence was exercised on the part of the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation.

*Third Affirmative Defense*

13.     If the goods were damaged, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA expressly deny, the damage was caused

by or due to insufficiency of packaging or inadequacy of marks for which the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA are not liable pursuant to §§ 1304(2)(n) and (o) of the Carriage of Goods by Sea Act and by the terms of the contract of carriage.

### *Fourth Affirmative Defense*

14. Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA are not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m) and by the terms of the contract of carriage.

### *Fifth Affirmative Defense*

15. Plaintiff has failed to reasonably mitigate its damages.

### *Sixth Affirmative Defense*

16. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or owner of the goods for which the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA are not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i) and by the terms of the contract of carriage.

### *Seventh Affirmative Defense*

17. The Complaint fails to state a claim upon which relief may be granted.

### *Eighth Affirmative Defense*

18. The maximum liability of Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, if any, is $500 per package or per customary

freight unit for goods not in packages as agreed in the provisions of the bill of lading and pursuant to the provisions of the contract of carriage and the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### *Ninth Affirmative Defense*

19.  If the goods were lost and/or damaged, which is expressly denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### *Tenth Affirmative Defense*

20.  This Honorable Court lacks *in personam* jurisdiction of the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA.

### *Eleventh Affirmative Defense*

21.  Plaintiff is not a real party in interest as required by Rule 17.

### *Twelfth Affirmative Defense*

22.  If Plaintiff's cargo suffered any loss or damage, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA expressly deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### *Thirteenth Affirmative Defense*

23.  This Honorable Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join an indispensable party and/or parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, to wit:  the seller of the goods, the party with whom Plaintiff entered into a

charter party, the issuer of the bill of lading, the loading stevedore, the discharging stevedore and the barge operator who delivered the cargo to Plaintiff.

### *Fourteenth Affirmative Defense*

24.    If Plaintiff's cargo suffered any loss or damage, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA expressly deny, said loss or damage was caused by a peril, danger or accident of the sea or other navigable waters for which the carrier is not liable pursuant to the provision of the contract of carriage and the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(c).

### *Fifteenth Affirmative Defense*

25.    The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA because Plaintiff did not give timely written notice of loss or damage under the provisions of the charter party and bill of lading and as required by the Carriage of Goods by Sea Act, 46 U.S.C. §1303(6).

### *Sixteenth Affirmative Defense*

26.    If the goods were lost and/or damaged, which is expressly denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to the contract of carriage and the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(a).

### *Seventeenth Affirmative Defense*

27.    This Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA owe no duty, contractual or otherwise, to Plaintiff.

*Eighteenth Affirmative Defense*

28. This suit is time-barred by the provisions of the contract of carriage, and by the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1303(6).

*Nineteenth Affirmative Defense*

29. This Honorable Court lacks *in rem* jurisdiction over the named vessel.

**WHEREFORE,** Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, pray:

(a) That the Court adjudge that they have no liability for any loss or damage alleged in the Complaint and that they have and recover from Plaintiff their costs of defense incurred herein;

(b) that the Complaint be dismissed;

(c) that if liability is found against them, the Court award contribution from or indemnity in full against the Defendant, SM China Co., Ltd., together with the costs and disbursements of this action and reasonable counsel fees;

(d) that they may have such other and further relief as may be deemed just and proper in the premises.

Dated: New York, New York
       August 30, 2007

**DeORCHIS, WIENER & PARTNERS, LLP**
Attorneys for Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA.

By:    /S/     John A. Orzel
**John A. Orzel (JO-2420)**
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700
Our File:  730-38

7

T O : Kingsley, Kingsley & Calkins
91 West Cherry Street
Hicksville, New York  11801
(516) 931-0064
Attention:  Harold M. Kingsley, Esq.