**DeOrchis Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Third-Party Plaintiffs*
*AKELA NAVIGATION CO. LTD., and ALMI*
*MARINE MANAGEMENT, SA.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MAN FERROSTAAL, INC.,

                              Plaintiff,                        **07 Civ. 6269 (PKL)**

        - against -                                            **VERIFIED THIRD PARTY**
                                                               **COMPLAINT**
                                                               **AND REQUEST FOR RULE B**
                                                               **ATTACHMENT**
M/V AKILI, her engines, boilers, tackle, etc.,
AKELA NAVIGATION CO. LTD., ALMI MARINE
MANAGEMENT SA, SM CHINA CO. LTD.,

                              Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X

AKELA NAVIGATION CO. LTD.,
ALMI MARINE MANAGEMENT SA,

                    Third Party Plaintiffs,

        - against -

SM CHINA CO. LTD.,

                    Third Party Defendant.

-----------------------------------------------------------X

        Third Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE

MANAGEMENT SA, by their attorneys, De Orchis Wiener & Partners, LLP., as and for their

Verified Third Party Complaint against Third Party Defendant SM CHINA CO. LTD., allege upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

2.      On or about July 30, 2007 Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA, received a Verified Complaint filed by MAN FERROSTAAL, INC., in the United States District Court for the Southern District of New York, assigned civil action number 07 Civ. 6269 (PKL), which alleges damages totaling US$325,000.00. A true and accurate copy of the aforesaid Complaint is annexed hereto as Exhibit A.

3.      The Complaint alleges that the action arises under the admiralty and maritime jurisdiction of this Court in that it involves a claim for damage to and or loss of cargo carried by sea in the international commerce of the United States.

4.      On August 30, 2007 Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA, filed and served their Answer to the Verified Complaint which denies the material allegations of the Plaintiff's Verified Complaint and specifically denies that Plaintiff sustained damages in the manner alleged in the Verified Complaint. A true and correct copy of the aforesaid pleading is annexed hereto as Exhibit B.

5.      The claim of Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA, against Third-Party Defendant SM CHINA CO. LTD., is related to the action in chief to the extent that both claims form part of the same case under Article III of the Constitution, in that both claims involve a common nucleus of operative facts as hereinafter more fully appears.

6.    Third-Party Plaintiff AKELA NAVIGATION CO. LTD. was and still is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign sovereign with an office and place of business located at 87 Kifsias Avenue, Maousi, Athens, Greece 15124 and was at all times relevant the owner of the m/v AKILI, a general cargo motor vessel engaged in the transportation of cargo for hire.

7.    Third-Party Plaintiff ALMI MARINE MANAGEMENT SA was and still is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign sovereign with an office and place of business located at 87 Kifsias Avenue, Maousi, Athens, Greece 15124 and was at all times relevant the manager of the m/v AKILI, a general cargo motor vessel engaged in the transportation of cargo for hire.

8.    Third-Party Defendant SM CHINA CO. LTD., was and still is a corporation or other business entity organized and existing pursuant to the laws of a foreign sovereign with an office and place of business located at Suite 2302 Hong Kong New World Tower No. 300 Huaihai Zhong, Shanghai, China 20021, and was engaged in the business of the carriage of cargo for hire in international trade and was the charterer of the m/v AKILI.

9.    At all relevant times hereinafter mentioned, Third-Party Defendant SM CHINA CO. LTD. was the carrier and/or bailee of the cargo of steel pipe that is the subject of this litigation.

10.    On or about June 19, 2006, Third-Party Plaintiff AKELA NAVIGATION CO. LTD., entered into a charter party contract with non-party Seyang Shipping Ltd., of Seoul, South Korea, for Seyang to charter the m/v AKILI to carry lawful cargo for a period of 4 to 6 months. By express term of that charter party contract Seyang undertook to assume all responsibility and obligation to load, stow and discharge the cargo on board the m/v AKILI. Seyang thereafter

agreed to sub-charter the m/v AKILI to Third-Party Defendant SM CHINA CO. LTD., for an undetermined time period.

11.    Prior to entering into the charter party contract with Third-Party Plaintiff AKELA NAVIGATION, Third-Party Defendant SM CHINA CO. LTD., had entered into a charter party contract with Plaintiff MAN FERROSTAAL for the carriage of a cargo of steel pipe from China to the ports of Houston and New Orleans on a vessel or vessels to be nominated.  Upon information and belief the m/v AKILI was chartered by Third-Party Defendant SM CHINA CO. LTD., to fulfill its obligation under the charter party between SM CHINA CO. LTD., and Plaintiff MAN FERROSTAAL.

12.    On or about June 24, 2006, a cargo of steel pipe was loaded and stowed under the supervision and control of Third-Party Defendant SM CHINA CO. LTD., on board the m/v AKILI at the port of Shanghai, China for carriage to the port of New Orleans, Louisiana.  Said cargo was delivered at the port of New Orleans on or about September 4, 2006.

13.    Plaintiff has alleged that the cargo which is the subject matter of this litigation was damaged in the amount of US$325,000.00.  If the cargo was damaged, said damage is due to the negligence and fault of Third-Party Defendant SM CHINA CO. LTD., in the loading, stowage and/or discharge of the cargo of pipe on board the m/v AKILI.

## AS FOR THEIR FIRST CAUSE OF ACTION
### AGAINST THIRD PARTY DEFENDANT

14.    Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA, repeat and reallege each and every allegation contained in paragraphs 1 through 13, as if set forth at length herein.

15.    If any loss or damage was sustained by Plaintiff, as alleged in Plaintiff's Complaint, said damage and or loss was caused by the fault, negligence, carelessness, omission, breach of duty, breech of contract, breach of agreement and/or breech of warranty (express and/or implied) on the part of Third-Party Defendant SM CHINA CO. LTD., for which Third-Party Defendant SM CHINA CO. LTD., is directly liable to the Plaintiff.

## AS FOR THEIR SECOND CAUSE OF ACTION
### AGAINST THIRD PARTY DEFENDANT

16.    Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA, repeat and reallege each and every allegation contained in paragraphs 1 through 15 as if set forth at length herein.

17.    If any liability shall be imposed on Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA, they should be awarded indemnity pursuant to the law, and / or contribution against Third-Party Defendant, SM CHINA CO. LTD., together with costs and disbursements of this action, including all legal fees and expenses incurred by Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA.

### APPLICATION FOR ISSUANCE
### OF RULE B ATTACHMENT

18.    Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA, repeat and reallege each and every allegation contained in paragraphs 1 through 17 as if set forth at length herein.

19.    The Third-Party Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Third-Party Defendant has, or

will have during the pendency of this action, assets within this District and subjects to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN AMRO, Deutsche Bank, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the Third-Party Defendant.

20.     The Third-Party Plaintiffs seek an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of the Third-Party Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Third-Party Defendant, and to secure and/or satisfy the Third-Party Plaintiffs' claims as described above.

**WHEREFORE**, Defendants Third-Party Plaintiffs pray:

A.     That process in due form of law issue against the Third-Party Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint of Plaintiff and this Third-Party Complaint; and

B.     That the said Third-Party Defendant be adjudged directly liable to the Plaintiff herein for any damage suffered and that it be further cited to appear and answer the Plaintiff's complaint as provided by Rule 14(c) of the Federal Rules of Civil Procedure

C.     That since the Third-Party Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN AMRO Bank, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Deutsche Bank, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the Third-Party Defendant SM CHINA CO., LTD., in the amount of US$325,000.00 to secure the appearance of the Third-Party Defendant and to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

     D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

     E.    That the Third-Party Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       December 12, 2007

                          DEORCHIS WIENER & PARTNERS, LLP
                          *Attorneys for Third-Party Plaintiffs*

                By: _____
                   John A. Orzel (JO-2420)
                   61 Broadway, 26th Floor
                   New York, New York 10006-2802
                   (212) 344-4700

## VERIFICATION

John A. Orzel declares and states that he is a partner in the law firm of DeOrchis, Wiener & Partners, LLP, attorneys for plaintiff in this action, and that the foregoing Verified Third-Party Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Defendants Third-Party Plaintiffs AKELA NAVIGATION CO. LTD. and ALMI MARINE MANAGEMENT SA,; that the reason why the Verification is not made by Defendants Third-Party Plaintiffs is that Defendants Third-Party Plaintiffs are corporations whose principal places of business are outside New York County.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2007

_____
John A. Orzel

# EXHIBIT A

HMK/jb FS 7890

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAN FERROSTAAL, INC.,

                Plaintiff,

    -against-

M/V AKILI, her engines, boilers,
tackle, etc., AKELA NAVIGATION
CO., LTD., ALMI MARINE
MANAGEMENT SA, SM CHINA
CO., LTD.,

               Defendants.
-------------------------------------------------------X

07 CIV 6269 (PKL)(RLE)
ECF CASE

**VERIFIED
COMPLAINT**

     Plaintiffs through their attorney KINGSLEY, KINGSLEY & CALKINS allege for their complaint herein:

     1.    This is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water, and under the Federal question jurisdiction under the Interstate Commerce Act, and Court's diversity and pendent jurisdiction with respect to the remaining aspects of the claim.

     2.    Plaintiffs are the owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in Schedule A hereto, and for which bills of lading were issued.

     3.    Defendants were vessel owners, suppliers, sellers, shippers, inspectors, managers, operators, charterers, freight forwarders, stevedores, terminal operators, common carriers by water and by land, bailees for hire, insurers and sureties with respect to the cargo described in Schedule A hereto which was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel, inland conveyances, terminals and warehouses by defendants.

     4.    The cargo described in Schedule A was lost and damaged by defendants

due to the fault, neglect, deviation, unseaworthiness, maritime tort, tortious interference with contract, breach of warranty, sinking, stranding, salvage expenses, general average and conversion of defendants, their agents and servants, and delivered by defendants in non-conforming and contaminated condition, mis-delivered and non-delivered.

5.    The vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

6.    Plaintiffs' sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

7.    If this claim is subject to Arbitration then plaintiffs hereby demand such Arbitration and appoint Lucienne C. Bulow of New York City as arbitrator thereof.

8.    Plaintiffs' damages are in excess of $325,000.00.

WHEREFORE, plaintiffs demand judgment in an amount exceeding $325,000.00 plus interest and costs and pray the Court to issue its process against the aforesaid defendants and vessel.

Dated: June 29, 2007

KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff

BY:__/S/_____
    HAROLD M. KINGSLEY
    91 West Cherry Street
    Hicksville, New York 11801
    (516) 931-0064
    hmk@kingsleyandkingsley.com

SCHEDULE A

| | |
|---|---|
| OUR REF: | FS 7890 |
| VESSEL: | M/V AKILI |
| PORTS: | SHANGHAI/NOLA |
| BILLS OF LADING: | SMAGAL607SHNL03 |
| DATED: | JUNE 24, 2006 |
| CHARTER PARTY: | BETWEEN SM CHINA CO., LTD. AND MAN FERROSTAAL, INC. DATED: JUNE 8, 2006 |
| DESCRIPTION OF CARGO: | STEEL PIPE |
| AMOUNT: | $325,000.00 |

## VERIFICATION

Harold M. Kingsley, the undersigned, an attorney admitted to practice in the courts of the state of New York , state that I am the attorney of record for MAN FERROSTAAL, INC., in the within action; I have read the foregoing Complaint and know the contents thereof; and I declare and affirm under penalties of perjury that the same is true to my knowledge based on documents in my file, on information and belief, and which I believe to be true.

The reason this Verification is made by the undersigned and not by an officer of MAN FERROSTAAL, INC., is that there are no officers now present in Nassau County where affiant has his office.

Dated: June 29, 2007

_____/S/_____
HAROLD M. KINGSLEY

# EXHIBIT B

DEORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26ᵗʰ Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Defendants:*
AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MAN FERROSTAAL, INC.,

                   Plaintiff,

               vs.

M/V AKILI, her engines, boilers, tackle, etc.,
AKELA NAVIGATION CO. LIMITED, ALMI
MARINE MANAGEMENT SA, and SM CHINA
CO., LTD.,

                   Defendants.
------------------------------------------------------------X

07 Civ. 6269 (PKL)

**ANSWER and CROSS CLAIM**

The Defendants AKELA NAVIGATION CO LIMITED, and ALMI MARINE MANAGEMENT SA, by and through its attorneys, DE ORCHIS WIENER & PARTNERS, LLP., answering Plaintiff's Complaint, alleges upon information and belief as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

    3.    Admit that Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, were the owners and/or operators and/or charterers and/or managers of the M/V AKILI, but except as so specifically admitted, deny knowledge or

information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

3.    Deny the allegations in Paragraph 4 of Plaintiff's Complaint.

4.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint.

6.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

7.    Deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**AS AND FOR THEIR CROSS-CLAIM AGAINST CO-DEFENDANT SM CHINA CO. LTD., DEFENDANTS AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:**

9.    Repeat and reallege each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 8 of the Answer, with the same force and effect as if herein set forth at length.

10.    If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage caused any liability to Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA,, then the said liability was brought about by Defendant SM China Co. Ltd.'s negligence and/or breach of contract, including warranties, implied or expressed, and by reason thereof, Defendant AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, are

2

entitled to full indemnity and/or contribution from Defendant SM China Co., Ltd., for its loss and damage including reasonable counsel fees and expenses.

### AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE COMPLAINT, DEFENDANTS AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

#### *First Affirmative Defense*

11.    The shipment described in Plaintiff's Complaint is subject to all the contractual terms, conditions and exceptions contained in a charter party contract and/or a certain bill of lading then and there issued therefore by which the shippers and consignees of said bill of lading agreed to be and are bound. Any shortage, loss and/or damage to the shipment, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, expressly deny, was due to causes for which Defendants are not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. 1300 *et seq.,* approved April 16, 1936, and/or the Harter Act, and/or the provisions of the bill of lading, and/or charter party, and/or the General Maritime Law and/or applicable foreign law.

#### *Second Affirmative Defense*

12.    Due diligence was exercised on the part of the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation.

#### *Third Affirmative Defense*

13.    If the goods were damaged, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA expressly deny, the damage was caused

by or due to insufficiency of packaging or inadequacy of marks for which the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA are not liable pursuant to §§ 1304(2)(n) and (o) of the Carriage of Goods by Sea Act and by the terms of the contract of carriage.

### Fourth Affirmative Defense

14.    Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA are not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m) and by the terms of the contract of carriage.

### Fifth Affirmative Defense

15.    Plaintiff has failed to reasonably mitigate its damages.

### Sixth Affirmative Defense

16.    Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or owner of the goods for which the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA are not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i) and by the terms of the contract of carriage.

### Seventh Affirmative Defense

17.    The Complaint fails to state a claim upon which relief may be granted.

### Eighth Affirmative Defense

18. The maximum liability of Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, if any, is $500 per package or per customary

4

freight unit for goods not in packages as agreed in the provisions of the bill of lading and pursuant to the provisions of the contract of carriage and the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### Ninth Affirmative Defense

19.    If the goods were lost and/or damaged, which is expressly denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### Tenth Affirmative Defense

20.    This Honorable Court lacks *in personam* jurisdiction of the Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA.

### Eleventh Affirmative Defense

21.    Plaintiff is not a real party in interest as required by Rule 17.

### Twelfth Affirmative Defense

22.    If Plaintiff's cargo suffered any loss or damage, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA expressly deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### Thirteenth Affirmative Defense

23.    This Honorable Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join an indispensable party and/or parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, to wit:  the seller of the goods, the party with whom Plaintiff entered into a

5

charter party, the issuer of the bill of lading, the loading stevedore, the discharging stevedore and the barge operator who delivered the cargo to Plaintiff.

### Fourteenth Affirmative Defense

24.     If Plaintiff's cargo suffered any loss or damage, which Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA expressly deny, said loss or damage was caused by a peril, danger or accident of the sea or other navigable waters for which the carrier is not liable pursuant to the provision of the contract of carriage and the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(c).

### Fifteenth Affirmative Defense

25.     The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA because Plaintiff did not give timely written notice of loss or damage under the provisions of the charter party and bill of lading and as required by the Carriage of Goods by Sea Act, 46 U.S.C. §1303(6).

### Sixteenth Affirmative Defense

26.     If the goods were lost and/or damaged, which is expressly denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to the contract of carriage and the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(a).

### Seventeenth Affirmative Defense

27.     This Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA owe no duty, contractual or otherwise, to Plaintiff.

6

*Eighteenth Affirmative Defense*

28.    This suit is time-barred by the provisions of the contract of carriage, and by the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1303(6).

*Nineteenth Affirmative Defense*

29.    This Honorable Court lacks *in rem* jurisdiction over the named vessel.

WHEREFORE, Defendants AKELA NAVIGATION CO. LIMITED, and ALMI MARINE MANAGEMENT SA, pray:

(a) That the Court adjudge that they have no liability for any loss or damage alleged in the Complaint and that they have and recover from Plaintiff their costs of defense incurred herein;

(b)   that the Complaint be dismissed;

(c) that if liability is found against them, the Court award contribution from or indemnity in full against the Defendant, SM China Co., Ltd., together with the costs and disbursements of this action and reasonable counsel fees;

(d) that they may have such other and further relief as may be deemed just and proper in the premises.

Dated:  New York, New York
        August 30, 2007

                    DeORCHIS, WIENER & PARTNERS, LLP
                    Attorneys for Defendants AKELA NAVIGATION
                    CO. LIMITED, and ALMI MARINE
                    MANAGEMENT SA.


                    By:   /S/    John A. Orzel
                         John A. Orzel (JO-2420)
                         61 Broadway, 26th Floor
                         New York, New York  10006-2802
                         (212) 344-4700
                         Our File:  730-38

                         7

T O :  Kingsley, Kingsley & Calkins
91 West Cherry Street
Hicksville, New York  11801
(516) 931-0064
Attention:  Harold M. Kingsley, Esq.